IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) **ORDER** |
| vs. | ) Case No. 3:06-cr-27(1) |
| Gerald Jerome Johnson, | ) |
| Defendant. | ) |

The United States, by the Director of the Federal Bureau of Prisons ("BOP"), moves to reduce the sentence of Defendant Gerald Jerome Johnson to time served under 18 U.S.C. § 3582(c)(1)(A)(i). Doc. 128.

18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment by motion of the Director of the BOP. In considering a motion to reduce sentence, the Court must assess whether, after considering the 18 U.S.C. § 3553(a) factors, "extraordinary and compelling reasons" exist that warrant a sentence reduction, and if a sentence reduction is consistent with the Sentencing Commission's applicable policy statement. See 18 U.S.C. § 3582(c)(1)(A). The applicable Sentencing Commission policy statement is Section 1B1.13 and it states in relevant part:

> **(a) In General**. Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that–
>
> \*\*\*
>
> **(b) Extraordinary and Compelling Reasons**. Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:

**(1) Medical Circumstances of the Defendant**.

**(A)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

**(B)** The defendant is –

    **(i)** suffering from a serious physical or medical condition,

    **(ii)** suffering from a serious functional or cognitive impairment, or

    **(iii)** experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(C)** The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

\*\*\*

**(2) Age of the Defendant**. The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

U.S.S.G. § 1B1.13.

Johnson is 70 years old and has been diagnosed with squamous cell carcinoma with lymph node involvement. He is considered terminally ill with a poor prognosis, a life expectancy of less than 12 months, and an end-of-life trajectory. Doc. 128. There are "extraordinary and compelling reasons" that warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13. Johnson is suffering from a fatal medical condition that requires specialized medical care that is difficult to provide in a prison setting. These circumstances satisfy U.S.S.G. §

1B1.13(b)(1)(A) and (B). The Court has also carefully considered each of the 18 U.S.C. § 3553(a) sentencing factors and concludes those factors also support compassionate release. Johnson plans to live with his son in Mandan, North Dakota follow release.

For those reasons, the United States' motion (Doc. 128) is **GRANTED**. Johnson's sentence is reduced to a sentence of time served. The Court will impose a two (2) year term of supervised release. Johnson will be subject to the mandatory and standard conditions of supervised release, except that the Court waives the mandatory drug testing condition. The Clerk of Court shall prepare an amended judgment, so the terms and conditions of supervised release are contained in the record.

**IT IS SO ORDERED**.

Dated this 25th day of January, 2024.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court
